**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PAULA BENTON,**

              **Plaintiff,**

**-vs-**                                                          **Case No. 6:14-cv-5-Orl-28KRS**

**DEPARTMENT OF JUVENILE JUSTICE,**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **January 2, 2014** |

**I.    BACKGROUND.**

On January 2, 2014, Plaintiff, Paula Benton, filed a Complaint against Defendant, the Department of Juvenile Justice, alleging violations of the Age Discrimination in Employment Act ("ADEA"), as well as gender discrimination and retaliation. Doc. No. 1. Construing Benton's *pro se* Complaint liberally, she alleges that she worked for the Department of Juvenile Justice at the Orange Regional Juvenile Detention Center on South Bumby Avenue in Orlando. She states that her complaint is "wrongful termination, discrimination against [her] for being a female over 40 years old and retaliation when [she] did not quit when [Superintendent Mayor Jeff Lonton] requested [her] to." She also alleges that she was made to do unreasonable sanitation duties as punishment when no other staff members were made to do those duties. Finally, she alleges that she was taken away from all other staff and worked from November 3, 2011 to January 19, 2012 "alone in a wash closet" as part of her punishment. *Id.* Benton attaches a copy of a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission ("EEOC") to her

complaint. The notice is dated September 30, 2013 and informs Benton of her right to file suit against the Department of Juvenile Justice. Doc. No. 1-1.

Benton also filed a motion to proceed *in forma pauperis*. Doc. No. 2.

## II.   APPLICABLE LAW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). To state a claim upon which relief may be granted, a plaintiff's complaint must contain sufficient factual allegations to bring her claims "across the line from conceivable to plausible" and her factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A complaint is frivolous within the meaning of § 1915(e)(2)(b), if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal on grounds of frivolity may be appropriate if the district court sees that an affirmative defense – such as absolute immunity – would defeat the action. *See Clark v. St. of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 & n. 2 (11th Cir. 1990) (collecting cases).

## III.   ANALYSIS.

Benton's Complaint asserts a claim of age discrimination, as well as claims of gender discrimination and retaliation. I discuss these claims separately, below.

### A.     *Age Discrimination Claim.*

Benton states that she is pursuing her age discrimination claim pursuant to the ADEA. Her ADEA claim is due to be dismissed because the Department of Juvenile Justice is entitled to Eleventh Amendment immunity.[1] The Eleventh Amendment states that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const.  Amend. XI. Although the plain language of the Eleventh Amendment only precludes federal courts from hearing cases brought against a state by citizens of another state, the U.S. Supreme Court has construed it to bar suits against a state brought by that state's own citizens as well. *See, e.g.*, *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (citations omitted).  Eleventh Amendment immunity from suit in federal court applies not only to a state itself, but also to an "arm of the State." *Versiglio v. Bd. of Dental Exam'rs*, 686 F.3d 1290, 1291 (11th Cir. 2012) (citation omitted).  The Department of Juvenile Justice is an arm of the State of Florida for Eleventh Amendment purposes. *Svet v. Fla. Dep't of Juvenile Justice*, Case No. 2:11-cv-394-FtM-29SPC, 2012 WL 5188036, at *3 (M.D. Fla. Oct. 19, 2012).  Thus, Benton's ADEA claim is barred unless an exception to Eleventh Amendment immunity applies.

Exceptions to Eleventh Amendment immunity exist if: (1) a suit seeks prospective injunctive relief to prevent an ongoing violation of the federal constitution against a state official in his or her official capacity; (2) if the state waives its immunity and consents to suit; or (3) if Congress validly abrogates the state's Eleventh Amendment immunity. *Svet*, 2012 WL 5188036 at *3 (citations omitted).  None of these exceptions applies here.  First, Benton's suit does not seek prospective injunctive relief against a state

---

[1]Eleventh Amendment immunity is a jurisdictional issue, and, if Eleventh Amendment immunity applies, a district court lacks jurisdiction. *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001) (citations omitted).  However, unlike most jurisdictional issues, which cannot be waived and must be raised by the court on its own initiative, the Eleventh Amendment does not automatically deprive a court of original jurisdiction. Instead, a federal court is required to consider whether Eleventh Amendment immunity strips it of jurisdiction only if a state defendant insists that it does. *Id.* at 1257 (citations omitted).  In this sense, Eleventh Amendment immunity is similar to an affirmative defense.

official in his or her official capacity.[2]  Second, Florida has not waived immunity or consented to suits under the ADEA.  *See Clemmer v. Florida*, Case No. 405CV349RHWCS, 2005 WL 2656608, at *1 (N.D. Fla. Oct. 17, 2005) (Florida has not consented to suit under ADEA).  Finally, the U.S. Supreme Court has held that "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."  *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000).

Accordingly, Benton's age discrimination claim is barred by Eleventh Amendment immunity.  *See Hillemann v. Univ. of Cent. Fla.*, 167 F. App'x 747, 748 (11th Cir. 2006) (affirming dismissal of ADEA claim on immunity grounds); *Clemmer*, 2005 WL 2656608, at *1-*2 (dismissing ADEA claim on immunity grounds); *Tang v. Univ. of S. Fla.*, Case No. 8:05-cv-572-T-17MAP, 2005 WL 2334697, at *1 (M.D. Fla. Sept. 23, 2005) (same).  As a result, Benton's age discrimination claim should be dismissed as frivolous within the meaning of § 1915.  *See Clark*, 915 F.2d at 640 n.2 (absolute immunity of defendant would justify dismissal of a claim as frivolous under § 1915); *see also Thomas v. Tex. Dep't of Family & Protective Servs.*, 427 F. App'x 309, 312-13 (5th Cir. 2011) (affirming *sua sponte* dismissal of claim pursuant to § 1915 because it was barred by Eleventh Amendment immunity);  *Dunson v. McKinney*, Case No. 5:11cv322/MP/CJK, 2011 WL 6968024, at *2 (N.D. Fla. Nov. 18, 2011), *adopted by* 2012 WL 71743 (M.D. Fla. Jan. 10, 2012) (*sua sponte* dismissing claim as barred by Eleventh Amendment pursuant to § 1915); *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D. W. Va. 1984) (*sua sponte* dismissing claim pursuant to § 1915 because it was barred by Eleventh Amendment and, thus, frivolous).[3]

---

[2]Even if Benton named a state official in his or her official capacity as a Defendant, it is questionable whether any such relief would be available under the ADEA.  The ADEA limits liability to "employers" and does not allow for individual liability against individuals who simply work for an "employer."  *See Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995) (individual county commissioners could not be held liable under ADEA where county was plaintiff's employer).

[3]To the extent Benton's reference to the ADEA is also intended to be a reference to Section 112.044 of the Florida Statutes (which prohibits public employers from engaging in age discrimination) or the age discrimination provisions of the Florida Civil Rights Act (which apply to the state and its agencies), the Eleventh Amendment prevents her from pursuing those claims in federal court (although she maybe able to pursue them in state court), and any such claims are also due to be dismissed.  *Bearelly v. Florida*, Case No. 3:00-cv-1355-J-21TEM, 2002 WL 400779, at *5-6. (M.D. Fla. Jan. 14, 2002) (Fla. Stat. § 112.044); *Haynes v. Florida*, Case No. 97-6339-CIV-GOLD,

Normally, a *pro se* plaintiff should be given at least one opportunity to amend. However, leave to amend need not be granted where it would be futile. *Gary v. U.S. Gov't*, ___ F. App'x ___, 2013 WL 5042732, at *2 (11th Cir. Sept. 16, 2013) (citations omitted). Here, any amendment would be futile because Benton's age discrimination claim is barred by Eleventh Amendment immunity and would again be subject to dismissal if re-filed. Accordingly, I respectfully recommend that Benton not be granted leave to amend her age discrimination claim.

B.      *Gender Discrimination and Retaliation.*

Benton also alleges that she was subject to gender discrimination and retaliation.[4] Construing these *pro se* claims broadly, I interpret them as attempting to state claims for gender discrimination pursuant to Title VII of the Civil Rights Act of 1964 and/or the Florida Civil Rights Act and as attempting to state claims for retaliation under some unidentified theory.[5] Both are due to be dismissed for failure to state a claim.

First, Benton's Complaint lacks sufficient factual allegations to bring her claim of gender discrimination "across the line from conceivable to plausible." Benton's use of the legal label of "discrimination" is not sufficient to state a claim. Likewise, the mere fact that Benton is a woman is insufficient to state a claim for gender discrimination. Apart from conclusory allegations of discrimination, Benton's Complaint alleges merely that she suffered "wrongful termination," she was made to do sanitation duties as punishment when no other staff were required to do so, and she was taken away from all other

---

1998 WL 271462, at *1 (S.D. Fla. Jan. 26, 1998) (citing *Yeary v. Florida*, Case No. 95-0583-CIV-J-21-C, 1997 WL 284648, at *1 (M.D. Fla. May 13, 1997)) (FCRA).

[4] Benton does not identify the legal basis for these claims and, as to the retaliation claim, does not provide sufficient factual information for the Court to determine the legal basis for the claim. To the extent Benton is claiming that Defendant violated the ADEA by retaliating against her for complaining about age discrimination, such a claim is subsumed by the ADEA and is due to be dismissed for the reasons above.

[5] To the extent Benton asserts claims under Title VII, they are not barred by the Eleventh Amendment because Congress validly abrogated the states' immunity for such claims. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 457-58 (1976). To the extent Benton asserts claims under the Florida Civil Rights Act, as stated above, she cannot pursue them in federal court. Because the legal basis of Benton's gender discrimination and retaliation claims is unclear at this time, Benton should be given an opportunity to amend before they are dismissed.

staff and required to work alone in a wash closet as a part of her punishment. These allegations are insufficient to support an inference that she was terminated or required to do sanitation duties or work alone in a wash closet because of her sex. As currently formulated, Benton's allegation of gender discrimination is simply too speculative to state a plausible claim for relief. Accordingly, it is due to be dismissed for failure to state a claim. *See, e.g.*, *Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955, 974 (11th Cir. 2008) (applying Rule 12(b)(6) standard and rejecting race discrimination claims for failure to state a claim where complaint alleged only that plaintiffs were treated "differently than similarly situated white employees solely because of race"; stating that the allegation "epitomizes speculation").

Second, Benton's Complaint does not include sufficient factual allegations to make her retaliation claim plausible. As with her gender discrimination claim, Benton's retaliation claim is not supported by any factual allegations that would support an inference that she suffered the adverse employment actions identified in her Complaint because her employer was retaliating against her. Instead, Benton merely states in conclusory fashion that she was retaliated against. In addition, Benton does not allege any facts showing that she engaged in protected activity. Specifically, Benton's Complaint suggests that her employer took the complained-of actions because she refused to quit her job when she was asked to do so. Benton does not specify the legal basis for her retaliation claim, but most retaliation claims require a plaintiff to show that she has engaged in "protected activity" and that she suffered an adverse action because of the protected activity. I am not aware of any statute or other cause of action for retaliation that would classify an employee's refusal to quit her job when asked as "protected activity." For these reasons, Benton's retaliation claim is due to be dismissed.

Because Benton is proceeding *pro se* and it is at least possible that an amended complaint could cure the defects of her current complaint, she should be given leave to file an amended complaint with respect to her claims of gender discrimination and retaliation. In the amended complaint, Benton should clearly allege the legal basis of the cause(s) of action she wishes to pursue, whether a constitutional

provision, treaty, statute, or a common law cause of action.  Benton should state when (if ever) she filed Charges of Discrimination alleging gender discrimination and/or retaliation against Defendant and attach a copy of each such Charge.  If Benton has received any right-to-sue letters other than the letter attached to the Complaint, she should attach those letters to the amended complaint.  Benton should also allege facts supporting her causes of action and showing that they are plausible.

**IV.    RECOMMENDATION.**

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** Benton's Complaint without prejudice; **DENY** the motion to proceed *in forma pauperis* without prejudice; and **ORDER** Benton to file an amended complaint within the time specified by the Court following its ruling on this Report and Recommendation.  I **FURTHER RECOMMEND** that the Court **PROHIBIT** Benton from reasserting her age discrimination claim against the Department of Juvenile Justice in any amended complaint.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 10, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy